UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JONATHAN SHUTE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:24-cv-00447-JAW |
| | ) | |
| PROVINCE OF NEW BRUNSWICK, et al, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff, a resident of Maine, has sued the Province of New Brunswick; Danielle Michaud, a Supervisor of the Office of Support Enforcement of New Brunswick; Kim Desrosiers, an Enforcement Officer at the Office of Support Enforcement; Hugh Flemming, New Brunswick's former Minister of Justice; the New Brunswick Department of Justice and Public Safety; Robert McKee, the Minister of Justice; Robin Huisman, a Supervisor of the Office of Support Enforcement; and Shari Shute for conduct that is apparently related to child support enforcement efforts in Canada. (Complaint, ECF No. 1.) Plaintiff alleges the defendants defamed him by making factually incorrect statements to his employer in Maine.

Plaintiff filed his complaint on December 19, 2024, but did not pay the filing fee or file an application to proceed without prepayment of the fee. While the failure to pay the filing fee or obtain leave to proceed without prepayment of the fee would be grounds for dismissal, even if Plaintiff paid the fee or obtained leave to proceed, dismissal is warranted

because the Court lacks subject matter jurisdiction. Accordingly, I recommend the Court dismiss the matter.

## DISCUSSION

**A.      Foreign Sovereign Immunity Act**

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). The Foreign Service Immunity Act (FSIA) "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country. . . ." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 443 (1989). Under FSIA, "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States" unless an exception provided by the law applies. 28 U.S.C. § 1604; *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) ("[U]nless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state."). "A 'foreign state' . . . includes a political subdivision of a foreign state or agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). "An 'agency or instrumentality of a foreign state' means any entity which is an organ of a foreign state or political subdivision thereof." *Id.* § 1603(b)(2).

The Province of New Brunswick and the New Brunswick Department of Justice and Public Safety are political subdivisions of a foreign sovereign and therefore subject to the FSIA jurisdictional immunity unless an exception applies. *See, e.g.*, *Big Sky Network Canada, Ltd. V. Sichuan Provincial Gov't*, 533 F.3d 1183, 1189 (10th Cir. 2008) (finding that Sichuan Province and Qinyang District were political subdivisions of the People's

Republic of China); *Murphy v. Islamic Republic of Iran*, 740 F. Supp. 2d 51, 63 (D.D.C. 2010) (finding that Iran's Ministry of Information and Security was considered a political subdivision of Iran and therefore covered by FSIA).  A non-commercial tort exception provides jurisdiction for cases alleging "personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious acts or omissions of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment." 28 U.S.C. § 1605(a)(5).  Plaintiff's claims, however, do not qualify for this exception because he does not allege personal injury, death, or damage to or loss of property.  The exception does not apply to "any claim arising out of . . . libel, slander. . . ." *Id.* § 1605(a)(5)(B).  Given the jurisdictional immunity under the FSIA, the Court does not have jurisdiction over Plaintiff's claims against the Province of New Brunswick and the New Brunswick Department of Justice and Public Safety.

**B.     Common Law Immunity**

The FSIA immunity does not protect government officials.  *Samantar v. Yousuf*, 560 U.S. 305, 319 (2010); *Carpenter v. Republic of Chile*, 610 F.3d 776, 780 (2d Cir. 2010).  Foreign officials, however, could be entitled to immunity under the common law.[1]  *Samantar*, 560 U.S. at 325; *Rishikof v. Mortada*, 70 F. Supp. 3d 8, 11 (D.D.C. 2014).  To

---

[1] There are two types of common law immunity potentially available to a foreign official: status-based or conduct-based.  *Rishikof v. Mortada*, 70 F. Supp. 3d 8, 11 (D.D.C. 2014).  Status-based immunity is limited to diplomats and sitting heads of state and therefore is not applicable here.  *Id.* at 12 n.2.

establish the immunity of a foreign official, a court[2] must find that (1) the actor is a public minister, official, or agent of the foreign state; (2) the act was performed as part of the actor's official duty; and (3) "'exercising jurisdiction' would have the effect of 'enforcing a rule of law against the foreign state.'" *Id.* at 12 (quoting *Restatement (Second) of Foreign Relations Law of the United States* § 66 (1986)) (cleaned up); *Lewis v. Mutond*, 918 F.3d 142, 146 (D.C. Cir. 2019). The third element "would allow for immunity when a judgment against the official would bind (or be enforceable against) the foreign state." *Lewis*, 918 F.3d at 146. One cannot conclude based solely on the allegations in the complaint that the third element for common law immunity is satisfied in this case. *Cf. Rishikof*, 70 F. Supp. 3d at 15 (holding third element was met when plaintiff sued for joint and several liability). Dismissal at this stage of the proceedings of Defendants Michaud, Desrosiers, Flemming, McKee, and Huisman, based on common law immunity, therefore, would not be appropriate.

C.  **Federal Diversity Jurisdiction**

Because Plaintiff does not assert a claim arising under the Constitution, laws, or treaties of the United States, Plaintiff must allege a claim within the Court's diversity jurisdiction. Pursuant to section 28 U.S.C. § 1332, federal district courts have original diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state. . . ." 28

---

[2] A court only has authority to decide whether a foreign official has immunity if the foreign official does not request immunity from the State Department or the State Department takes no action on such a request. *Id.* at 12.

U.S.C. § 1332(a)(2). The party invoking the court's jurisdiction has the burden of proving subject matter jurisdiction. *Skwira v. United States*, 344 F.3d 64, 71 (1st Cir. 2003).

Plaintiff alleges that he is domiciled in Baileyville, Maine. (Complaint at 1.) Defendants are alleged to be governmental entities in Canada and individuals domiciled in Canada. (*Id.* at 2, 7–8.) Plaintiff has thus satisfied the diversity of citizenship requirement.

Plaintiff asserts the amount in controversy exceeds $75,000. (*Id*. at 4.) Plaintiff specifically claims $5,000 for damage to his psychological health, $25,000 for harm to his professional reputation, $500,000 in punitive damages, and an injunction barring Defendants "from continuing to [disseminate] defamatory statements concerning [] Plaintiff." (*Id.* at 5.) According to Plaintiff, his alleged actual damages are less than the $75,000 necessary to satisfy the amount-in-controversy jurisdictional requirement. *See Interstate Medical Licensure Compact Commission v. Bowling*, 113 F.4th 1266, 1274 (10th Cir. 2024) ("The amount asserted in the complaint generally controls for subject-matter jurisdiction.").

To satisfy the amount-in-controversy jurisdictional requirement, therefore, Plaintiff must rely on his punitive damages claim.[3] When punitive damages "make[] up the bulk of the asserted amount in controversy, a heightened degree of scrutiny and healthy skepticism

---

[3] The amount-in-controversy can be satisfied by an injunction, if that injunction "would force the defendant to forgo a benefit to him that is worth more than the threshold amount specified in the diversity statute . . . ." *Drulias v. Ade Corp.*, No. Civ.A. 06-11033, 2006 WL 1766502, at *2 (D. Mass. June 26, 2006); *see also Bonner v. Duggan*, 364 F. Supp. 3d 9, 22 (D.D.C. 2019). Because Plaintiff seeks an injunction prohibiting Defendants from making certain statements, which prohibition is not alleged to result in a financial loss or cost to Defendant, the requested injunction does not assist Plaintiff in satisfying the amount-in-controversy requirement.

is appropriate." *Jimenez v. Verdecchia*, No. Civ. 99-266-M, 2000 WL 1752803, at *2 (D.N.H. Nov. 22, 2000); *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n.1 (2d Cir. 1972); *Kyricos v. Mary's Gone Crackers*, No. 1:15-cv-00224-JAW, 2015 WL 13548155, at *3 (D. Me. Sept. 29, 2015) ("Without a critical assessment of the punitive damage claim, the jurisdictional threshold would in essence be meaningless in any case in which a party states a claim for punitive damages.").

When scrutinizing a punitive damages claim, courts will consider whether the claim is recoverable as a matter of law. *See Plant v. TD Bank Wealth Mgmt.*, No. 18-30145-MGM, 2019 WL 9244978, at *3 (D. Mass. Sept. 16, 2019) (quoting *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943)) ("Punitive damages 'must be considered to the extent claimed in determining the jurisdictional amount' when such damages 'are recoverable under a complaint.'"); *Kyricos*, 2015 WL 13548155, at 3. "Under Maine law, a punitive damage award is permitted on a showing, by clear and convincing evidence, that the defendant's tortious conduct was motivated by actual ill will or was so outrageous that malice can be implied." *Kyricos*, 2015 WL 13548155, at *3 (citing *Weaver v. New England Mut. Life Ins. Co.*, 52 F. Supp. 2d 127, 134 (D. Me. 1999)); *Tuttle v. Raymond*, 494 A.2d 1353, 1354 (Me. 1985).

Here, while Plaintiff has alleged the defendants acted knowingly in publishing a defamatory statement, a review of Plaintiff's complaint reveals that Plaintiff has not alleged sufficient facts to support a finding of actual ill will or outrageous behavior implying

malice.[4] *See Plant*, 2019 WL 9244978, at *3; *Kyricos*, 2015 WL 13548155, at *3. Accordingly, inclusion of Plaintiff's punitive damage claim in the assessment of whether Plaintiff has satisfied the amount-in-controversy requirement is not appropriate. Because Plaintiff's alleged damages do not satisfy the amount-in-controversy requirement, the Court lacks diversity jurisdiction. Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the complaint for lack of subject matter jurisdiction.[5]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of January, 2025.

---

[4] Plaintiff argues he is entitled to punitive damages "due to the defendants using their official capacities to advance their defamatory statements." (Complaint at 5.)

[5] If the Court does not dismiss the complaint, I recommend the Court establish a deadline for Plaintiff to pay the filing fee or file a motion to proceed without prepayment of the fee.