UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JONATHAN SHUTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:24-cv-00447-JAW |
| | ) |
| PROVINCE OF NEW BRUNSWICK, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

On December 19, 2024, Jonathan Shute, a resident of the state of Maine acting pro se, filed in this Court a one-count complaint against the Canadian Province of New Brunswick; Danielle Michaud, Supervisor of the Office of Support Enforcement in New Brunswick; Kim Desrosiers, Enforcement Officer of the Office of Support Enforcement in New Brunswick; and Hugh Flemming, former Minister of Justice in New Brunswick; and Shari Shute (collectively, the Defendants[1]), alleging the

---

[1] Upon review of the record, the Court is uncertain how many of these Defendants Mr. Shute intended to sue pursuant to his complaint. It is particularly unclear whether Mr. Shute intended to seek relief against Ms. Shute and the New Brunswick Department of Justice. Although the New Brunswick Department of Justice and Ms. Shute are both listed in this case's caption on the docket, Mr. Shute's complaint lists only four Defendants (Province of New Brunswick, Ms. Michaud, Ms. Desrosiers, and Minister Flemming) when prompted by the form to "[p]rovide the information . . . for each defendant named in the complaint," and allowed the attachment of additional pages if necessary. *Compl. for a Civ. Case* at 1-2 (ECF No. 1) (*Compl.*). Making matters more complicated, the case caption in the complaint lists the Defendants as "Province of New Brunswick, New Brunswick Department of Justice, Robert McKee, Hugh Flemming, Robin Huisman, Danielle Michaud, Kim Desrosiers, Shari Shute." It is unclear from this formatting whether Mr. Shute intended to bring suit against eight Defendants (two government entities and six individuals), or whether he referenced the New Brunswick Department of Justice to clarify the official capacity of Minister Flemming. This lack of uncertainty notwithstanding, the Magistrate Judge's Recommended Decision wisely characterizes the complaint as seeking relief against all eight defendants, and thus considers whether dismissal is appropriate against all possible Defendants intended by the Plaintiff.

Defendants defamed him "by making factually incorrect statements to the plaintiff's employer" regarding his child support obligations. *Compl.* at 2-4. Mr. Shute seeks "actual damages to his [psychological] health resulting from the untrue allegations in the amount of $5[,]000[,] harm to professional reputation of $25[,]000[,] [and] punitive damages of $500[,]000, due to the defendants using their official capacities to advance their defamatory statements," as well as injunctive relief, pursuant to this Court's diversity jurisdiction.[2] *Id.* at 5.

The United States Magistrate Judge filed his Recommended Decision After Review of the Complaint on January 7, 2025, recommending that the Court dismiss the Plaintiff's complaint for failure to pay the filing fee without having filed an application to proceed without prepayment, and, alternatively, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1332. *Recommended Decision After Rev. of the Compl.* at 1-2 (ECF No. 4) (*Recommended Decision*). Mr. Shute did not file an objection to the Recommended Decision.

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. The Court made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision and concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision and determines that no further proceeding is necessary. The Magistrate Judge's opinion is thoughtful and well-articulated, and correctly explains, first, that the Court lacks jurisdiction over

---

[2] As the Plaintiff is a resident of Maine, and the complaint provides no reason to conclude otherwise, the Court assumes the Plaintiff states these amounts in United States dollars.

Plaintiff's claims against the Province of New Brunswick and the New Brunswick Department of Justice and Public Safety, given that both these Defendants "are political subdivisions of a foreign sovereign and therefore subject to the [Foreign Sovereign Immunity Act (FISA)] jurisdictional immunity unless an exception applies," and it is apparent to this Court that no such exception applies here.[3] *Recommended Decision* at 2-3 (collecting cases in which federal courts concluded they lacked subject matter jurisdiction over claims against foreign sovereigns). Thus, the Magistrate Judge is undeniably correct, for the reasons he explained in his Recommended Decision. *See id.*

Furthermore, the Magistrate Judge determined the allegations in the complaint did not establish whether the government official-Defendants are entitled to common-law immunity. *Id.* at 3-4. The Court agrees there is insufficient information in the complaint to allow the Court to determine whether "'exercising jurisdiction' would have the effect of 'enforcing a rule of law against the foreign state,'" such that the individual Defendants, excepting Ms. Shute, are protected by immunity under the common law. *See id.* at 4 (quoting *Rishikof v. Mortada*, 70 F. Supp. 3d 8, 11 (D.D.C. 2014)).

Ultimately, the Magistrate Judge recommended the Court dismiss the complaint as to all Defendants for lack of subject-matter jurisdiction because while the Plaintiff has established diversity of citizenship, he has not, as 28 U.S.C. § 1332

---

[3]     As noted above, the Court is uncertain based on the contradictory information in the complaint whether Mr. Shute intended the New Brunswick Department of Justice to be a defendant in this case.

also mandates, reasonably asserted an amount-in-controversy in excess of $75,000. *Id.* at 5.  The Magistrate Judge explained that "[w]hen punitive damages 'make[] up the bulk of the asserted amount in controversy,'" as they do here, "a heightened degree of scrutiny and healthy skepticism is appropriate." *Id.* at 5-6 (quoting *Jimenez v. Verdecchia*, Civil No. 99-266-M, 2000 U.S. Dist. LEXIS 17372, at *4-5 (D.N.H. Nov. 22, 2000)) (citation revised).  The Recommended Decision considered that "[u]nder Maine law, a punitive damage award is permitted on a showing, by clear and convincing evidence, that the defendant's tortious conduct was motivated by actual ill will or was so outrageous that malice can be implied," *id.* at 6 (quoting *Kyricos v. Mary's Gone Crackers*, No. 1:15-cv-00224-JAW, 2015 U.S. Dist. LEXIS 132075, at *7 (D. Me. Sept. 29, 2015)) (citation revised), and determined Plaintiff's complaint has not alleged sufficient facts to support a finding of actual ill will or outrageous behavior implying malice.  *Id.* at 6-7.  Upon review, the Court agrees with the Magistrate Judge for the reasons explained in his extensive and well-reasoned recommended decision.

The Court AFFIRMS the Recommended Decision After Review of Complaint (ECF No. 4) and accordingly ORDERS the Complaint for a Civil Case (ECF No. 1) dismissed without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of February, 2025